# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF FLORIDA
# TALLAHASSEE DIVISION

**ADA LUISA ALBORS SANCHEZ,**
**a.k.a. ADA A. GONZALEZ,**

    **Plaintiff,**

vs.                                Case No. 4:21cv379-WS-MAF

**JUAN ALBERTO ALBORS,**
**et al.,**

    **Defendants.**
_____/

## REPORT AND RECOMMENDATION

Plaintiff, proceeding pro se, initiated this case on September 16, 2021, by submitting an in forma pauperis motion, ECF No. 2, and a civil complaint, ECF No. 1, which has been filed pursuant to this Court's diversity jurisdiction, 28 U.S.C. § 1332(a)(1). ECF No. 1 at 3. Plaintiff's motion for in forma pauperis status has been granted in a separate Order entered this day. Accordingly, the complaint has been reviewed to determine if it is sufficient for service.

Plaintiff states that she is a resident of Tallahassee, Florida. ECF No. 1 at 2. Defendants are alleged to be residents of San Juan, Puerto Rico.

*Id.* Plaintiff seeks monetary damages in excess of $75,000.00. *Id.* at 3. Those allegations are sufficient to assert that jurisdiction is appropriate under § 1332(a)(1).

However, at another point in the complaint, Plaintiff also alleged that this Court has jurisdiction over this action pursuant to 42 U.S.C. § 1985 and 42 U.S.C. § 1983. ECF No. 1 at 3. Because there are no facts which demonstrate that any named Defendant is a "state actor", nor are there facts which demonstrate that any Defendant violated her constitutional rights, that basis for jurisdiction is not correct.[1]

Although Plaintiff initiated this case in this Court, she also asserts that venue belongs in the United States District Court of Puerto Rico (San Juan) as the Defendants all reside in Puerto Rico. ECF No. 1 at 3. Within the complaint,[2] Plaintiff requests that this Court transfer this case to the District Court in Puerto Rico pursuant to 28 U.S.C. § 1404(a). *Id.* She states that

---

[1] Participating in litigation does not transform a private citizen into a "state actor." Harvey v. Harvey, 949 F.2d 1127, 1133 (11th Cir. 1992) (explaining that "[u]se of the courts by private parties does not constitute an act under color of state law."); Woods v. Valentino, 511 F. Supp. 2d 1263, 1274, n.19 (M.D. Fla. 2007).

[2] Plaintiff did not file a separate motion requesting transfer.

her mailing efforts to file there "were not successful," suggesting that there may have been interference. *Id.*

The venue statute provides that a "civil action may be brought in - (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action." 28 U.S.C. § 1331(b). Because no Defendant resides in the State of Florida and none of the events occurred in this District, this case was not properly filed in the Northern District of Florida.

When a case is filed in the wrong district, a district court is directed to "dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a). Here, the question is whether this case should be dismissed or transferred.

Plaintiff's complaint advises that she previously filed a case in this Court which concerns the same facts and issues which she raises in this case. *See* ECF No. 1 at 3-4. She filed case number 4:20cv286-MW-MJF on May 29, 2020, which was eventually transferred to the United States District Court of Puerto Rico on August 10, 2021. Plaintiff reports that after transfer, the case became case number 3:21cv01475-RAM.[3] *Id.*

Although Plaintiff has not provided information about the status of that case since transfer, the Court, nevertheless, has reviewed the docket for that case and notes that it was received on August 16, 2021, ECF Nos. 77-78. Counsel was appointed to represent the Plaintiff pro bono on September 9, 2021. ECF No. 80 of case # 3:21cv01375. Pursuant to that order, the case has been stayed for 30 days to allow counsel sufficient time to confer with Plaintiff. *Id.*

The complaint filed in this case asserts that Defendants fraudulently deprived Plaintiff of her inheritance. ECF No. 1. Those are the same claims she raised in her eighth amended complaint, ECF No. 72, filed in case number 4:20cv286-MW-MJF. In light thereof, there is no need to

---

[3] The case number Plaintiff provided is not correct. The case was opened in the District of Puerto Rico as case number 3:21cv01375. *See* ECF No. 78 of case # 4:20cv286-MW-MJF.

transfer this case to the District of Puerto Rico since this action would duplicate the prior case which is still pending.  Any relief due Plaintiff should occur within the previously filed case.  Accordingly, it is not in the interest of justice to transfer this case and it is recommended that this case be dismissed because it is redundant to case number 4:20cv286-MW-MJF.

### RECOMMENDATION

It is respectfully **RECOMMENDED** that Plaintiff's complaint, ECF No. 1, be **DISMISSED** as redundant because she still has an active case pending which raises the same claims and issues, and her request for transfer be **DENIED**.

**IN CHAMBERS** at Tallahassee, Florida, on September 22, 2021.


 S/    Martin A. Fitzpatrick
**MARTIN A. FITZPATRICK
UNITED STATES MAGISTRATE JUDGE**

## **NOTICE TO THE PARTIES**

Within fourteen (14) days after being served with a copy of this Report and Recommendation, a party may serve and file specific written objections to these proposed findings and recommendations.  Fed. R. Civ. P. 72(b)(2).  A copy of the objections shall be served upon all other parties.  A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.  Fed. R. Civ. P. 72(b)(2).  **Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control.**  If a party fails to object to the Magistrate Judge's findings or recommendations as to any particular claim or issue contained in this Report and Recommendation, that party waives the right to challenge on appeal the District Court's order based on the unobjected-to factual and legal conclusions.  *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.